UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERMAINE JOHNSON,         ) 1:07CV2473
                                    )
         Petitioner       ) JUDGE KATHLEEN O'MALLEY
                                    ) (Magistrate Judge Kenneth S. McHargh)
         v.                )
                                    )
CLIFFORD SMITH,           )
         Warden,         )
                                    )
         Respondent     ) REPORT AND RECOMMENDED
                                    ) <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

The petitioner Jermaine Johnson ("Johnson") filed a petition pro se for a writ of habeas corpus arising out of his 2005 convictions and sentencing for trafficking in cocaine, possession of cocaine, and other crimes, in the Lorain County, Ohio, Court of Common Pleas.  (Doc. 1.) Johnson raises three grounds for relief, as paraphrased from his petition:

    1.  "The State of Ohio breached the terms of the plea agreement when it failed to inform the court in a subsequent sentencing hearing that an agreed sentence was required to fulfill the terms of the agreement," in violation of petitioner's Fourteenth Amendment due process rights.

    2.  "The trial court erred when it did not impose the agreed upon sentence," in violation of petitioner's Fourteenth Amendment due process rights and his "right to contract enforcement."

    3.  Petitioner received ineffective assistance of appellate counsel when she failed to file a brief on the merits, in violation of the Sixth Amendment.

(Doc. 1, at 3.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Johnson was indicted on Oct. 23, 2003, by the Lorain County Grand Jury on six counts:  1) tampering with evidence, 2) possession of cocaine, 3) possession of drug paraphernalia, 4) driving under suspension, 5) trafficking in cocaine, and 6) possession of criminal tools.  (Doc. 12, RX 1.)

On Aug. 19, 2004, Johnson entered a guilty plea to an amended indictment (which removed a schoolyard specification in count five).  (Doc. 12, RX 3.)  Johnson was released on bond while a presentencing investigation was completed.  At the plea hearing, the judge stated:

> THE COURT:  I get a report back in about two months.  I send notice to [defense counsel].  He'll forward it on to you.  Make sure he always has your proper address, because if you fail to appear for that hearing, I'll revoke your bond and order you arrested.
>
> Let me also tell you my practice is, as a Judge, if I have a plea agreement, I think 99 percent of the times if there's a plea agreement between the counsels and the parties with regard to a case, I'll honor that.  And I anticipate honoring the plea agreement that was entered into in these two cases.  What would stop me from doing that is I understand we have an agreement.  You and I have an agreement right now.
>
> * * * * * I'm theoretically taking some risk by allowing a presentence report and a continuance of the bond, and so my statement to you is make sure you're here for the hearing.
>
> THE DEFENDANT:  Okay.
>
> THE COURT:  Because if you don't have a good excuse for not being here for the hearing, I'm not going to feel obligated to comply with the agreement between your counsel and the State's counsel.

(Doc. 12, RX 3, at [23-25].)  Subsequently, Johnson failed to appear for his scheduled sentencing on Feb. 16, 2005, and a capias was issued for his arrest.  (Doc. 12, RX 2, docket, at 2.)

On April 6, 2005, Johnson was sentenced to an aggregate term of three years in prison.  (Doc. 12, RX 4-5.)  The date of the journal entry was April 15, 2005. (Doc. 12, RX 4.)  Johnson did not file a direct appeal within the thirty days allowed, thus his conviction was final on Monday, May 16, 2005.

### A.  Appeal of Plea Bargain and Sentencing

On Apr. 18, 2006, Johnson filed pro se a "motion for specific performance of plea bargain and or plea agreement."  (Doc. 12, RX 6.)  On May 16, the trial court denied his motion, noting that "defendant ignores his failure to appear for sentencing when required," but stating that his sentence did provide him with the benefits obtained from the plea.  (Doc. 12, RX 7.)

On June 5, 2006, Johnson filed a notice of appeal for review of sentencing pursuant to Ohio Rev. Code § 2953.08.  (Doc. 12, RX 8, 11.)  The court of appeals denied his appeal on two grounds:  1) the appeal was untimely, and 2) his request for specific performance of the plea bargain was an improper request for the trial court to reconsider his sentence.  (Doc. 12, RX 12; see also RX 13, dismissing for failure to pay fee.)

On Oct. 17, 2006, Johnson filed a motion for reconsideration under Ohio App. R. 26(A).  (Doc. 12, RX 14.)  On Dec. 11, the court of appeals denied that motion. (Doc. 12, RX 16.)

3

On April 24, 2007, Johnson filed pro se a motion to reopen his appeal under Ohio App. R. 26(B), based on ineffective assistance of appellate counsel.  (Doc. 12, RX 17.)  The court dismissed the motion as untimely on May 9, 2007.  (Doc. 12, RX 19.)

### B.  Appeal of Conviction and Sentencing

On Jan. 22, 2007, Johnson filed a motion pro se for a delayed appeal of his conviction.  (Doc. 12, RX 20-21.)  Johnson argued that his attorney was aware that the plea agreement had been breached, yet failed to file a timely appeal of his sentence, pursuant to Ohio Rev. Code § 2953.08(D).  (RX 21, at 2.)  Johnson claimed that he "only recently" learned of the possibility of appealing his sentence[1], and argued that was good cause for his untimely filing.  (RX 21, at 2-3.)

The court of appeals was not persuaded, and denied leave to appeal on Feb. 5, 2007.  (Doc. 12, RX 24.)  Johnson filed a motion for reconsideration on Feb. 15, 2007, which the court denied on March 6.  (Doc. 12, RX 25, 27.)

Johnson filed a notice of appeal to the Supreme Court of Ohio on April 30, 2007.  (Doc. 12, RX 28.)  That same date, he sought leave to file a delayed appeal with that court.  (Doc. 12, RX 29.)  The court denied his motion for leave, and dismissed his appeal, on June 20, 2007.  (Doc. 12, RX 31.)

---

[1] However, Johnson's earlier notice of appeal, filed June 5, 2006, had indicated that it was "an appeal for review of sentencing pursuant to [Ohio Rev. Code §] 2953.08."  (Doc. 12, RX 8, at 4.)

4

Johnson filed his petition for a writ of habeas corpus on August 15, 2007.

(Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Johnson has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  STATUTE OF LIMITATIONS

The respondent argues that Johnson's petition should be barred because it was untimely filed.  (Doc. 12, at 8-11.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Johnson was sentenced on April 6, 2005, and the date of the journal entry was April 15, 2005. (Doc. 12, RX 4-5.) Under Ohio law, Johnson had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). See generally doc. 12, RX 3, at 8 (advising Johnson of 30-day period). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing. Thus, the habeas statute began to run on Monday, May 16, 2005. See, e.g., Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003). Accordingly, the statue of limitations for filing his habeas petition expired one year later, on May 16, 2006.

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir.), cert. denied, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of

limitations.  Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002); Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (per curiam), cert. denied, 531 U.S. 991 (2000); Nichols v. Bradshaw, No. 1:03CV00565, 2006 WL 1805901, at *4 (N.D. Ohio June 29, 2006).

Johnson argues that the statute should be tolled because he filed a motion for the specific performance of the plea bargain in the trial court on Apr. 18, 2006. (Doc. 13, at 15; see also doc. 12, RX 6.)  The state court of appeals ruled that this motion was a nullity, and thus had no legal effect:

> In essence, appellant's request for specific performance of his plea bargain is a request for the trial court to reconsider his sentence.  It is axiomatic that there is no rule that allows a party to move a trial court for reconsideration of a judgment.  "A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal . . ."

(Doc. 12, RX 12, internal citations omitted.)

Subsequently, Johnson's various other appeals were denied as untimely, and in any event, all were filed after the statute had already run.  See doc. 12, RX 8, notice of appeal filed June 5, 2006; RX 17, motion for reopening, filed Apr. 24, 2007; and RX 20-21, motion for delayed appeal, filed Jan. 22, 2007.  Similarly, his motion for the appointment of counsel (which led to the basis of his ineffective assistance claim) was filed in June 2006, after the statute had run.  (Doc. 12, RX 14, at 2; doc. 13, at 8-9, 25.)  None of these events tolls the statute, which had already run.

8

Although filing post-conviction or collateral motions may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew.  DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy, 246 F.3d at 519.

In addition, Johnson argues for a later starting date for the statute of limitations based on 28 U.S.C. § 2244(d)(1)(D).  (Doc. 13, at 21.)  Section 2244(d)(1)(D) states that the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Though the AEDPA does not define "factual predicate," courts have found that Section 2244(d)(1)(D) provides a petitioner with a later start date than Section 2244(d)(1)(A) "only if vital facts could not have been known."  McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007).

Clearly, Johnson was aware of his sentencing as of the date of sentencing, and any deviation from his expectations from the plea should have been immediately obvious.  Secondly, although he argues ineffective assistance of trial counsel in his traverse (doc. 13, at 21-22), his petition actually set forth a claim of ineffective assistance of appellate counsel.  (Doc. 1, at 3.)  A later start date is not justified under 28 U.S.C. § 2244(d)(1)(D).

Therefore, the statute of limitations expired in May 2006.  Because Johnson did not file his petition for a writ of habeas corpus until August 2007, his habeas

petition was not filed within the one year limitation period.  The petition should be denied as untimely filed.

## IV.  GUILTY PLEAS

Even if his petition had been timely filed, Johnson would not succeed on the merits of his claims concerning the plea bargain.

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid.  DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 125 S.Ct. 1642 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).  Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

On Aug. 19, 2004, Johnson entered a guilty plea.  The transcript of the plea hearing demonstrates that Johnson affirmed that he understood the charges against him, and the consequences of his guilty plea, and voluntarily chose to plead guilty.  (Doc. 12, RX 3, at 4-10.)  In addition, Johnson was advised that any appeal had to be filed within thirty days of his sentencing.  Id. at 8.

The Supreme Court has stated that "[a] criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court." North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970) (citing Lynch v. Overholser, 369 U.S. 705, 719 (1962)).  See, e.g., Hall v. Luebbers, 341 F.3d 706, 715-716 (8th Cir. 2003), cert. denied, 541 U.S. 996 (2004); Molinar v. Newland, 151 F.Supp.2d 1120, 1124 (N.D. Cal. 2001).  "A plea bargain standing alone is without constitutional significance." Hall, 341 F.3d at 716 (quoting Mabry v. Johnson, 467 U.S. 504, 507-08 (1984)).

A court may reject a plea in its exercise of sound judicial discretion. Santobello v. New York, 404 U.S. 257, 262 (1971).  Thus, acceptance or rejection of a plea agreement is the prerogative of the court.  See, e.g., United States v. Crumpton, 27 F.3d 567, 1994 WL 233592, at *1 (6th Cir. 1994) (TABLE, text in WESTLAW).

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam).  Johnson has not established that the state court decision regarding his sentencing, in relationship with the plea bargain, was contrary to, or involved an unreasonable application of, clearly established federal law.  The petition would not be granted on this ground.

11

## VI.  SUMMARY

The statute of limitations expired in May 2006.  Because Johnson did not file his petition for a writ of habeas corpus until August 2007, the petition should be denied as untimely filed.


## RECOMMENDATION

It is recommended that the petition be denied.


Dated:  <u>July 30, 2008</u>                  <u>/s/ Kenneth S. McHargh</u>
                                                        Kenneth S. McHargh
                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).